MISSOURI STATE MUTUAL FIRE & MARINE INSURANCE CO., Appellant, v. SPORE, Respondent.

1. By an act of incorporation of a mutual insurance company, (sess. acts, 1849, p. 381, sec. 11,) it was provided that, in case of loss by fire sustained by any member, the directors should publish a notice of the sums assessed upon the several members, which sums were required to be in proportion to the original amounts of the premium notes of the members, and to be paid within thirty days next after the publication of the notice; and also that "if any member shall, for the space of thirty days after such notice, neglect or refuse to pay the sum assessed upon him as his proportion of any sum as aforesaid, in such case the directors may sue and recover the *whole* amount of his deposite note or notes, with costs of suit." *Held*, in a suit on certain deposite notes, upon which there had been various assessments, that an allegation in the petition that "the defendant, though often requested, has refused to pay said assessment or any part thereof, and the time limited for the payment thereof by the by-laws has long since elapsed; that by the neglect and refusal of said defendant to pay said assessment, the whole amount of his said premium notes has become due and payable agreeably to the provisions of the act of incorporation of said company," was sufficient to bring the case within the above provision of the act of incorporation authorizing a recovery of the *whole amount* of the deposite notes.

*Appeal from St. Louis Law Commissioner's Court.*

The facts sufficiently appear in the opinion of the court.
*Skinner*, for appellant.
*Carroll*, for respondent.

RYLAND, Judge, delivered the opinion of the court.

This is a suit brought by the plaintiff to recover of the defendant the amount of certain premium notes, executed by defendant to plaintiff. The petition of plaintiff sets forth the making and delivery of the notes by defendant to plaintiff for and in consideration of two certain policies of insurance issued by plaintiff to defendant, by which notes the defendant promised to pay to said plaintiff or their treasurer, for the time being, by one note, ninety-six dollars, and by the other fifty-two dollars, in such portions and at such times as the directors

of said company, the plaintiff, might, agreeably to their act of incorporation, require ; the note for ninety-six dollars being dated on or about 30th October, 1850 ; and the note for fifty-two dollars, dated 8th October, 1849. It is also alleged in the petition that plaintiff, having sustained loss and damage by fire, and having incurred many necessary and unavoidable expenses, the directors ascertained the amount of the same ; and on January 1st, A. D. 1853, and on September 1st, A. D. 1854, settled and determined the sums to be paid by the members of said company, as their respective portions of said loss and damage by fire ; that the defendant was and still is a member of said company ; that the assessments were made on each member in proportion to the amount of his original premium notes ; that the assessments were duly made in accordance with the act of incorporation of said company ; that on one note the assessments against the defendant amounted to $11 02, and on the other note, $20 16—amounting altogether to the sum of $31 18 ; that due notice of said assessments was given by publication, as prescribed by the by-laws of said company ; that, nevertheless, the defendant, though often requested, has refused to pay said assessments or any part of them, and the time limited for the payment thereof, by the by-laws, has long since elapsed ; that by the refusal and neglect of said defendant to pay said assessments, the whole amount of his said premium notes has become due and payable agreeably to the provisions of the act of incorporation of said company. The petition then mentions the various credits endorsed on said notes, leaving the balance due on one note, $14 25, and on the other, $61 60—making together the sum of $75 80, and asks judgment for the amount.

The defendant, in his answer, admits the making of the notes as set forth in the plaintiff's petition ; admits the assessments were regularly made, and notice thereof duly given according to the by-laws of the corporation ; but avers that he tendered the full amount of said assessments, interest and costs of suit, amounting to $40 18, and prays to be discharged by

the payment of that sum only, and denies owing the sum of seventy-five dollars and eighty cents.

The cause was submitted to the law commissioner without a jury, who made the following finding of facts, to-wit : " The defendant, on or about the 30th October, 1850, executed and delivered to the plaintiff his certain promissory note for the sum of ninety-six dollars, and on October 8th, 1849, his promissory note for the sum of fifty-two dollars, being premium notes for two certain policies of insurance issued by the plaintiff to defendant, by which said notes the defendant promised to pay to plaintiff the said respective sums of ninety-six dollars and fifty-two dollars, in such portions and at such times as the directors of said company might, agreeably to their act of incorporation, require ; that the said company, having sustained loss and damage by fire, and incurred many necessary and unavoidable expenses, the said directors ascertained the amount of the same ; on the 1st January, 1853, and 1st September, 1854, settled and determined the sums to be paid by the members of said company, including the defendant, who then was and still is a member of said company, as their respective portions of said loss and damage by fire and of necessary expenses ; and said sums so assessed being in proportion to the original amount of their respective premium notes ; the said assessments having been duly made in accordance with the act of incorporation of said company, and due notice thereof was given by publication as prescribed by the by-laws of said company ; that after said assessments were made and notice thereof given as aforesaid, and the time limited for the payment thereof after said notice, according to the by-laws of said company, had expired, the defendant neglected and refused to pay said assessments or any part thereof; that the amount of said assessments was $31 18 costs ; that the defendant, since the commencement of this suit, tendered to the plaintiff the said sum of $31 18 cents, together with interest thereon, to-wit, the sum of five dollars, and four dollars for the costs that had accrued herein prior to the time of said tender."

Upon this finding, the court declared the law to be as follows : " That, to entitle the plaintiff to recover the remainder of the said premium notes, he should allege in his petition and establish a strict compliance with the provisions of the charter of incorporation of said company. The plaintiff has not alleged in his petition that the defendant refused to pay the sums assessed upon him after the time limited, to-wit, thirty days after notice of such assessment was published, as is provided by the 11th section of the act of incorporation of the company, as he ought to have done ; but alleges that the time limited for the payment thereof by the by-laws had long since elapsed. The petition is not within the terms of the act of incorporation." The court rendered judgment for the assessments and interest, being $32 92, and for costs. The plaintiff thereupon filed his motion for a review, which being overruled, he excepted, and brings the case here by appeal.

By the 11th section of the act of incorporation, (Sess. Acts, 1849, p. 381,) it is the duty of the directors to " settle and determine the sum to be paid by the several members thereof as their respective proportion of said loss, and publish the same in such manner as they see fit, or as the by-laws may have prescribed ; and the sum to be paid by each member shall always be in proportion to the original amount of his premium note or notes, and shall be paid to the treasurer within thirty days next after the publication of said notice ; and if any member shall, for the space of thirty days after such notice, refuse or neglect to pay the sum assessed upon him as his proportion of any sum as aforesaid, in such case the directors may sue and recover the whole amount of his deposite note or notes, with costs of suit," &c.

The breach alleged is as follows : " Nevertheless, the defendant, though often requested, has refused to pay said assignment or any part thereof, and the time limited for the payment thereof, by the by-laws, has long since elapsed ; by the neglect and refusal of said defendant to pay said assessment, the whole amount of his said premium notes has become due and payable

3—VOL. XXIII.

agreeably to the provisions of the act of incorporation of said company." Although the plaintiff might have been more special and particular in stating the neglect, and refusal to pay the assessments after thirty days had expired after the publication of the notice, yet we think it is substantially stated, and the finding of the court being more particular even than the statement in the petition would have warranted the court in giving judgment for the whole amount due on the notes.

The court below seems to think that as the averment of the petitioner was not that the time limited for payment by the act of incorporation of the company had long since elapsed, but that " the time limited by the *by-laws* of the company had long since elapsed ;" that therefore the petition is not within terms of the act of incorporation. This is a very nice distinction ; but it is not to be presumed that the company would require a shorter time, after publication of notice, than the act itself required in their by-laws. The by-laws might have granted longer time ; but it is not to be presumed that the company would violate its charter by its by-laws.

The finding of the court below would support a judgment for the full amount due on the premium notes ; and it is error to give judgment only for the assessments. The judgment is reversed, and the cause remanded, with directions to enter up judgment for the plaintiff for the full amount due on the premium notes. The other judges concurring.